## TOLEDO PIPE–THREADING MACH. CO. v. FEDERAL TRADE COMMISSION.

(Circuit Court of Appeals, Sixth Circuit. June 8, 1925.)

No. 4355.

Trade-marks and trade-names and unfair competition ⬚80½, New, vol. 8A Key-No. Series—Printing of record in Commission proceedings will be dealt with separately in each case.

In view of the large amount of irrelevant matter in Federal Trade Commission proceedings, and the fact that there is no statute nor rule of court regulating printing of records of those proceedings, printing in each case will be dealt with separately.

In the matter of the Toledo Pipe-Threading Machine Company against the Federal Trade Commission, in which an order was entered directing record be printed, omitting exhibits. On motion of Commission for reprinting record, including exhibits. Order modified.

Brown, Hahn & Sanger, of Toledo, Ohio, for petitioner.

W. H. Fuller, of Washington, D. C., for respondent.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

PER CURIAM. Recently on our own motion we directed that the record be printed, omitting the exhibits, and providing that either party might print in its brief any exhibits specially relied upon. The Commission now represents that the exhibits form the chief part of the record supporting the Commission's order, and hence should be printed, and that the petitioner should meet this expense.

There is neither statute nor rule of court covering the subject of printing records in these proceedings. They are original, not appellate. Upon writs of error or appeal, the taking of proofs has been under judicial supervision, and then the record on appeal is prepared again under judicial direction. There is fair presumption that it contains a minimum of irrelevant matter. Not so with these Commission proceedings. There seems to be no restraint upon the Commission or respondent in the taking of proofs. Our observation in these cases is that a great share of the record as made up does not require printing. Until the making of some general rule on the subject, the matter of printing in each case must be dealt with separately.

Our order will be modified, so as to require petitioner to print such a reasonable number of selected and typical exhibits as it may think necessary to present fairly the question involved; the Commission may print in its brief such further exhibits as it thinks especially important; beyond that the court will assume the duty of reading from the unprinted record such further exhibits as may be listed for that purpose by either party.